UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY MICHAEL MARCELLI,<br><br>                Plaintiff,<br>    v.<br><br>DAVID MAR, *et. al.,*<br><br>                Defendants. | Case No. 3:14-cv-00683-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

**I.      SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 47) ("R&R") relating to Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF No. 31). The Magistrate Judge recommends that Defendants' Motion be granted. Plaintiff has objected to the R&R. (ECF No. 48.) Defendants have responded. (ECF No. 49.) For the reasons below, the Court adopts and accepts the R&R in whole and grants Defendants' Motion.

**II.     BACKGROUND**

Plaintiff Anthony Marcelli ("Marcelli") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). He is currently housed at Northern Nevada Correctional Center ("NNCC"). Following screening of his First Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court allowed a single claim to proceed. (ECF No. 8.) Marcelli's sole claim is that Defendants Walsh and Hughes retaliated against him for reporting a violation of the Prison Rape Elimination Act ("PREA") in violation of the First Amendment. The events underlying Marcelli's claim are set out in further detail in the R&R. (ECF No. 47 at 1-3.)

Defendants moved for summary judgment based, in part, on the argument that Marcelli has not exhausted administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Specifically, Defendants argue that Marcelli did not file a grievance about the alleged retaliation until September 29, 2015 — months after filing the current case, and well beyond the applicable deadlines for filing a grievance. (ECF No. 31 at 8.) The Magistrate Judge agrees with Defendants' exhaustion argument and recommends granting summary judgment on that basis. Marcelli objects and claims that he fulfilled the exhaustion requirements, or, alternatively, that he should be exempted from them.

### III.     LEGAL STANDARD

#### A.     Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of

3

a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.   DISCUSSION

The PLRA requires inmates to exhaust administrative remedies before bringing a § 1983 claim in court. 42 U.S.C. § 1997e(a). There are a number of exceptions to this rule, and Marcelli argues that his failure to exhaust falls into an exception adopted by the Ninth Circuit in *McBride v. Lopez*, 807 F.3d 982 (9th Cir. 2015). In *McBride*, the Ninth Circuit joined other circuits in holding that if a prisoner fears retaliation for filing a grievance, and has objective basis for his or her fear, the court should consider the grievance process unavailable for purposes of the PLRA, and waive the exhaustion requirement in that case. *Id.* at 984.

Marcelli seems to misunderstand the holding in *McBride* as it applies to his remaining claim. He states that the grievance procedure does not have to be exhausted "if and when retaliation takes place." (ECF No. 48 at 2.) If Marcelli believes that his claim — that he was moved in retaliation for filing a grievance — is exempt from the PLRA's exhaustion requirements because it centers on retaliation, he is incorrect. If, alternatively, Marcelli's citation to *McBride* and repeated reference to certain inmates threatening and assaulting other inmates are an attempt to fulfill the objective and subjective components, then his argument simply fails. He does not provide the Court a basis for concluding that he was subjectively afraid to file a grievance (or for that matter an explanation of why he filed grievances before and after the transfer he believes was retaliatory), and does not link the violence he describes from other inmates to the grievance process in any way. The Court therefore has no basis to find either the subjective or objective elements of *McBribe* have been fulfilled.

Marcelli also points the Court to two specific grievances which he seems to believe fulfilled any exhaustion requirement: #20062972918 and #20063008865. (ECF No. 48 at 1, 3.) Neither of these grievances support Marcelli's argument. The first grievance is the alleged PREA complaint (ECF No. 31-1), and the second is the grievance filed on

4

September 29, 2015, after the filing of this suit, alleging that Marcelli was moved in retaliation for filing the first grievance (ECF No. 31-11). These two grievances are consistent with, and in fact support, the Magistrate Judge's conclusion.

The Court agrees with the recommendation of the Magistrate Judge and finds that Marcelli failed to exhaust administrative remedies. Therefore, his claim is barred by the PLRA, and Defendants' Motion is granted.

**V.     CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 47) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 31) is granted.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 22nd day of March 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE